**AFFIRMED; Opinion Filed April 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00227-CR

### ALEXANDER GOOD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause No. F12-00588

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

A jury convicted Alexander Matthew Good of cruelty to an animal. In a single issue on appeal, Good argues the evidence was insufficient to support the verdict because the State failed to present evidence that the injuries to the dog were intentionally or knowingly inflicted. The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

In this appeal, Good only challenges whether the State adequately proved Good's mental state, that Good intentionally or knowingly injured the dog. Good argues there is no evidence establishing the injuries were not accidental. At trial, Good claimed he had fallen on the dog, and the dog suffered a compression injury as a result. Good does not challenge that the dog was harmed.

We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, ____ U.S. ____, 132 S.Ct. 1763 (U.S. 2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id*. We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id*.

The evidence showed that Good's girlfriend, Erica Craycraft, owned a 15-pound dog named Jack. During the time Good and Craycraft dated, Good's relationship with Jack deteriorated. Over time, Jack stopped playing with Good, started hiding from Good, and began refusing treats from Good. When Jack was alone with Good, Jack hid underneath the bed.

One night when Craycraft was working late, Good agreed to take care of Jack until she got home. When Craycraft left work, she texted Good to ask how the dog was doing. Good replied that the dog had gone to the bathroom in the house, made a lot of noise, spilled some water, and was underneath the bed. When Craycraft arrived home, Good was sitting on the couch and watching TV. She noticed that Jack did not greet her at the door as he usually did. She found Jack under the bed and not responsive. After she and Good moved the bed, Craycraft found Jack lying in an odd position and breathing very heavily. His eyes were "bouncing back and forth" and his body felt like Jell-O.

They took Jack to an emergency veterinary clinic. Good told the vet that Jack was injured when he "fell in his food dish." The vet seemed suspicious of this explanation. Jack died that night.

A few days after Jack's death, Good sent an email to Craycraft stating:

> I'm so sorry for what I did. I loved Jack too and took care of him like my own. I feel terrible and have been sick every day since. I despise myself, hate my life, and have lost all interest in everything. I want you to realize I'm having immense trouble, too. Nothing has helped me at all.

Three veterinarians testified for the State: Lauren Dennis, Jack's primary veterinarian, Susan Robinson, the veterinarian who treated Jack at the emergency clinic, and Robert Hawthorne, a vet who never treated Jack. All three vets viewed the x-rays from the emergency clinic and reached the same conclusions: Jack suffered a severe, blunt-force trauma to the right side of his body that resulted in multiple rib fractures—about eight ribs were fractured—and his heart being raised off of his sternum. The injuries caused air to become trapped around Jack's lungs, which inhibited his ability to breathe.

Dennis testified the injuries would have been caused by a "blunt-force trauma; so something hitting the rib cage with a lot of force: baseball bat, kicking, something crushing the rib cage." A dog tripping over its dish would not sustain these injuries. Likewise, if a person were walking with the dog in his arms and the person dropped the dog, the dog also would not sustain these types of injuries.

Robinson testified she had never seen broken ribs like Jack's when a dog has been dropped, sat on, or fallen on. She stated the injuries were consistent with severe trauma, such as being hit by a car, human trauma, falling from a second, third or fourth floor, being hit with a blunt-force object, or kicking. She said it was possible that the injuries could have been caused by someone falling on Jack, but she would not have expected injuries to such a degree from that kind of incident. Further, if someone had fallen on Jack, the fractured ribs would have been on one side, not both.

Hawthorne testified he reviewed the x-rays and determined Jack suffered "some type of blunt-force trauma to the right side of the chest wall due to the number of rib fractures on the

right side versus the left side resulting in lung collapse, pneumothorax." He concluded that "some force hit this dog's right side of it's [sic] chest."

Viewing the evidence in the light most favorable to the verdict, we conclude the evidence presented to the jury, when viewed together, would allow a rational trier of fact to find beyond a reasonable doubt that Good knowingly or intentionally caused injury to Jack. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. We overrule Good's sole issue and affirm the trial court's judgment.

/Jim Moseley/
———————————————
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130227F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

ALEXANDER GOOD, Appellant

No. 05-13-00227-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F12-00588.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of April, 2014.


   /Jim Moseley/
JIM MOSELEY
JUSTICE